IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUAN OROZCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:09-cv-00752 |
| ) | |
| CITY OF MURFREESBORO, ) | Judge Thomas A. Wiseman, Jr. |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Before the Court is Defendant City of Murfreesboro's Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure (Doc. No. 10). The Defendant asserts that, pursuant to the standards established by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937 (2009), Plaintiff Juan Orozco has failed to plead factual allegations sufficiently plausible to show an entitlement to relief and thus to "unlock the doors of discovery." (Doc. No. 11, at 1.) Plaintiff contends, to the contrary, that he has alleged specific facts which, if proven, could lead a reasonable jury to conclude that he was a victim of unlawful discrimination. The Court agrees and will, for the reasons discussed below, deny the Defendant's motion.

I.  STANDARD OF REVIEW

The Sixth Circuit has recognized that 12(c) motions for judgment on the pleadings are functionally identical to motions under Rule 12(b)(6) and are to be analyzed under the same standard. *United States ex. rel. Bledsoe v. Cmty Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003). Under the Supreme Court's recent reformulation of the analytic standard involved in applying Rule 12(b)(6), this Court must construe the complaint in Orozco's favor, accept the factual allegations contained in the complaint as true, and determine whether Orozco's factual allegations present "plausible" claims. *Twombly*, 550 U.S. at 570. To be considered plausible, a claim must be more than merely conceivable. *Id.* at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

In *Twombly*, the Court responded to the plaintiffs' contention that its analysis "r[uns] counter to"

that of *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). *Twombly*, 550 U.S. at 569. In *Swierkiewicz*, the question presented was "whether a complaint in an employment discrimination lawsuit must contain specific facts establishing a prima facie case of discrimination under the framework set forth . . . in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Swierkiewicz*, 534 U.S. at 508. The Court answered that question in the negative, holding specifically that "an employment discrimination complaint need not include such facts and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Based on that conclusion, the Court found that the appellate court had incorrectly dismissed the complaint at the pleading stage based on the plaintiff's failure to allege facts that he would have needed at the trial stage to support his claim, even though the complaint actually "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." *Id.* at 514 (citation omitted).

In *Twombly*, the Court noted that "*Swierkiewicz* did not change the law of pleading, but simply re-emphasized . . . that the . . . use of a heightened pleading standard for Title VII cases was contrary to the Federal Rules' structure of liberal pleading requirements." *Twombly*, 550 U.S. at 570 (citation omitted). Further, the *Twombly* Court insisted that it was not adopting a standard that would "require heightened fact pleading of specifics," *id.*; rather, the standard established by *Twombly* required that the plaintiff plead "only enough facts to state a claim to relief that is *plausible* on its face," *id.* (emphasis added), rather than a claim that is merely "conceivable." *Id.*

Recently, the United States Supreme Court confirmed that the holding in *Twombly*, which on its face applied only to antitrust actions, would apply to "all civil actions." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). The Court also addressed again the "plausibility" standard adopted in *Twombly*:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer

> more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S. Ct. at 1949–50 (most internal citations omitted).  It is in light of these principles that this Court must consider the plaintiff's complaint in the present case.

## II.     ANALYSIS AND DISCUSSION

The holdings in *Twombly* and *Iqbal* have not had the effect of simplifying the determination of what constitutes an adequately pleaded complaint, particularly in the context of employment discrimination claims which, by their very nature, are difficult to prove and frequently rely upon indirect rather than direct evidence of discrimination.  In *Swierkiewicz*, as indicated above, the Court held that a plaintiff need not plead every element of a prima facie case in his complaint in order to state a claim, largely because the burden-shifting structure established in *McDonnell Douglas* is an evidentiary rather than a pleading standard.  That standard, however, recognizes that, where a plaintiff shows simply that (1) he is a member of a protected class, (2) he was subject to an adverse employment action, (3) he was qualified for his position, and (4) he was replaced by a person outside the protected class or a comparable non-white person was treated differently, *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992), a jury may properly infer that discrimination has occurred, unless the defendant carries the burden of proffering a non-discriminatory reason for the adverse action, which the plaintiff then fails to prove is pretextual.  *Tex. Dep't. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 259 (1981).

After *Iqbal*, as discussed above, if "the well-pleaded facts do not permit the court to infer *more than the mere possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (emphasis added). Construing the *Iqbal* standard together with *Swierkiewicz*, it seems reasonable to conclude that a complaint that pleads *facts* in support each element of a prima facie case of discrimination—and not merely conclusory statements to the effect that such elements are satisfied—necessarily meets *Iqbal*'s requirement that the complaint show more than the "mere possibility of misconduct,"  129 S. Ct. at 1950, regardless of whether it is technically not necessary to plead every element of a prima facie case of discrimination in order to avoid dismissal under *Iqbal*.

Here, Orozco alleges specifically that:

(1)  He is an American citizen of Hispanic descent and was employed from 2001 through

his termination on July 24, 2008 as Fleet Services Director for Defendant City of Murfreesboro, and was the only person of Hispanic descent employed by Defendant as a department head;

(2)  Prior to the events leading to his termination, he had an exemplary record of services and had never received a formal complaint during his seven years of employment;

(3) After reporting to his supervisor an incident of alleged sexual harassment of one of his employees by another in May 2008, in accordance with the guidelines set forth in Defendant's Employee Handbook, the City Manager instituted an investigation of Orozco's entire department, which led ultimately to the filing of fifteen charges of violations of City policies by Orozco, and to the City Manager's recommendation that Orozco's employment be terminated;

(4)  After Orozco requested a disciplinary hearing pursuant to Defendant's policies, the City Manager informed him of an additional twelve charges of violations of various City policies;

(5)  At the disciplinary hearing, Orozco refuted the charges brought against him, argued that other departments had identical problems as those his was alleged to have but were not subject to disciplinary proceedings, and presented proof from several witnesses that his department was well run;

(6)  Defendant nonetheless terminated Orozco's employment;

(7)  Even before the disciplinary hearing was held, Orozco was replaced by a white male named Jack Hyatt;

(8)  Other non-minority department heads and supervisors have violated City policies in identical or more egregious fashion that Orozco's alleged infractions but received lesser discipline than termination;

(9)  Orozco at all times performed the duties assigned to him in a professionally competent manner, followed all reasonable instructions, and abided by all the Defendant's rules and regulations.

(*See* Compl. ¶¶ 5–16.)

In other words, Orozco has pleaded actual facts that support the elements of a prima facie case of discrimination:  (1) He is of Hispanic descent and therefore a member of a protected class; (2) his employment was terminated, so he clearly was subjected to an adverse employment action; (3) he held his position for over seven years before being terminated, and therefore was clearly qualified for it; and (4) he was replaced by a white male named Jack Hyatt even before his disciplinary hearing was conducted—in other words, he was replaced by a person outside his protected class.[1]  These are not

---

[1]  He also alleges, in the alternative, that non-minority department heads and supervisors who have engaged in the same policy infractions with which he is charged have been subject to lesser discipline than termination.  The complaint contains fewer specific facts to support the claim that he was treated differently than similarly situated non-minority employees.  The Court need not consider whether the factual allegations are sufficiently specific, however, because the allegation is not strictly necessary to

mere "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. Rather, based upon the evidentiary standard applicable to Title VII actions discussed above, if Orozco proves all these facts at trial, a jury would be justified in inferring that the adverse employment action to which he was subjected was motivated by discriminatory animus. That the allegations in the complaint also suggest the Defendant may be able to proffer a legitimate, non-discriminatory reason for its actions—that is, that Orozco was in violation of a number of City policies—would not, standing alone, justify dismissal of the complaint. The fact remains that Orozco may well be able to establish that the Defendant's proffered reason is pretextual by proving, for example, his allegations that there was no reasonable basis for believing the alleged infractions ever occurred, or that other department heads who engage in the same behavior are not subject to such severe disciplinary action. The question of whether he can muster sufficient evidence to prove these allegations is, of course, an evidentiary issue that is not resolvable in the context of a motion to dismiss under Rule 12.

Based upon the standards established by *Twombly* and *Iqbal*, as filtered through *Swierkiewicz*, Orozco has clearly pleaded "enough facts to state a claim to relief that is plausible on its face," rather than a claim that is merely "conceivable." *Twombly*, 550 U.S. at 570.

**III. CONCLUSION**

For the reasons set forth above, the Court finds that the plaintiff has adequately pleaded a claim for wrongful employment discrimination in violation of Title VII. Defendant City of Murfreesboro's Motion for Judgment on the Pleadings (Doc. No. 10) is therefore **DENIED**.

This matter is referred back to the Magistrate Judge for further case management as necessary.

It is so **ORDERED**.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge

---

support his discrimination claim in this particular instance, given that he has also alleged he was replaced by a non-minority employee.